FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATASHA J.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | NO. 1:19-CV-03284-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 11, and Defendant's Motion for Summary Judgment, ECF No. 12. The motions were considered without oral argument. Plaintiff is represented D. James Tree; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney David J. Burdett.

## Jurisdiction

On March 30, 2012, Plaintiff filed an application for Title XVI supplemental security income. Plaintiff initially alleged a disability beginning on September 30, 2011.

Plaintiff's application was denied initially on July 19, 2012 and on

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 1

reconsideration on October 11, 2012. On November 21, 2012, Plaintiff filed a written request for a hearing. On July 1, 2014, Plaintiff appeared and testified at a hearing at which she participated in Yakima, Washington, before an ALJ. Plaintiff was represented by her attorney, Mr. Tree. Kimberly Mullinax, an impartial vocational expert, provided testimony. The ALJ issued a decision on October 31, 2014, finding that Plaintiff was not disabled. In May 2017, the Court reversed and remanded the ALJ's decision for further proceedings on the parties' stipulated motion. *See Natasha D. v. Comm'r of Soc. Sec.*, No. 1:16-CV-03150-RHW, ECF No. 18.

A second hearing was held on August 22, 2019. Plaintiff appeared and testified at a hearing in Yakima, Washington, before an ALJ who appeared from Seattle, Washington. Jeffrey F. Tittelfitz, an impartial vocational expert, also appeared at the hearing. Plaintiff was represented by her attorney, Mr. Tree. On September 5, 2019, the ALJ issued a decision finding that Plaintiff was not disabled and denied her request for relief.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on December 9, 2019. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 2

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The steps are as follows:

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If she is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

**Step Four**: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 3

perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** \* 4

*Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decisions, and the briefs to this Court. Accordingly, only the most relevant facts are summarized here. At the time of her application, Plaintiff was 36 years old. She completed high school and training as a certified nursing assistant. She has worked as a cashier and supervisor at Goodwill. She is a mother of three, who were ages 13, 10, and 8 at the time of the 2019 hearing. She earned a bachelor's degree in environmental science in June 2018. She has applied for about 20 jobs since earning her degree and had one interview. She ultimately could not take the job because she could not do the required 3-4 days of camping. Plaintiff is willing to work but needs accommodations that employers have been unable or unwilling to provide.

Plaintiff suffers from chronic pain due to postherpetic neuralgia after a bout of shingles in September 2011. This causes Plaintiff to feel constant burning pain in her upper right back, right shoulder, and right arm. She also has significant weakness and numbness in her right arm that makes it difficult to use her arm. Plaintiff's right shoulder function is further impaired due to a labral tear from several falls despite surgical attempts to repair the tear. Plaintiff has also been diagnosed with rheumatoid arthritis, which results in knee, hip, and shoulder pain and prevents her from sitting or standing for longer than 30 minutes.

Plaintiff also suffers from myoclonic tremors, which vary in intensity and are exacerbated by stress. Plaintiff has also been diagnosed with major depressive order and posttraumatic stress disorder, which impairs her ability to concentrate and make decisions. She has consistently attended mental health therapy since at

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 5

least 2011.

## The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. The ALJ concluded Plaintiff was not disabled and could perform work that exists in significant numbers in the national economy.

At **step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 30, 2012, the alleged disability onset date. AR 636.

At **step two**, the ALJ found that Plaintiff had the following severe impairments: obesity, obstructive sleep apnea, right shoulder rheumatoid arthritis, right upper extremity post herpetic neuralgia, depressive disorder, anxiety disorder, posttraumatic stress disorder, and tremor disorder. AR 636-37.

At **step three**, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals any Listing. AR 637.

The ALJ concluded that Plaintiff had a residual function capacity to perform:

> sedentary work as defined in 20 C.F.R. 416.967(a) except she is capable of engaging [in] unskilled, repetitive, routine tasks in two hour increments; no overhead reaching; occasional reaching at or below shoulder level with full arm extension; frequent reaching a or below shoulder level with partial arm extension; occasional handling; frequent fingering; occasional stooping and crouching; no crawling, kneeling, or climbing ramps, stairs, ropes, ladders, or scaffolds; she would [be] 5% less productive than the average worker in the workplace; and she would be absent from work one time per month.

AR 638.

At **step four**, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 646.

At **step five**, the ALJ found that given Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. AR 646. The ALJ concluded that Plaintiff's ability to perform work-related activity was limited, but

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 6

that those limitations were adequately accommodated by the residual function capacity. AR 646. Accordingly, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform, including a telephone sales clerk, document prepare, and final assembler. AR 646-47.

## Issues for Review

1. Did the ALJ err by improperly evaluating the medical opinion evidence?
2. Did the ALJ err by improperly rejecting Plaintiff's symptom testimony for reasons that are not specific, clear, and convincing?

## Discussion

1. <u>Did the ALJ err by improperly evaluating the medical opinion evidence?</u>

Plaintiff argues that the ALJ erred by discounting the medical opinions of Plaintiff's treating providers, Mara Fusfield, ARNP, and Dr. Clint Thompson, and the Social Security Administration's consultative examiner, Dr. Mary C. Pellicer. The Commissioner argues that the ALJ properly evaluated and weighted the medical opinion evidence before it.

"Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Medical opinions of treating physicians are accorded special weight because these physicians are in a unique position to know claimants as individuals, and because the continuity of their dealing with claimants enhances their ability to assess claimants' problems. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

In the absence of a contrary opinion, a treating physician's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is contradicted, it may be discounted only for "'specific and legitimate reasons' supported by

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 7

substantial evidence in the record." *Id*. at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ may also disregard medical opinion if it is brief, conclusory, and inadequately supported by clinical findings. *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (*per curiam*). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Only licensed physicians and certain other qualified specialists are considered acceptable medical sources. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); 20 C.F.R. § 404.1513(a). For instance, nurse practitioners, physician assistants, and mental health therapists are not considered acceptable medical sources and are not afforded the same deference as acceptable medical sources. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). However, they may be used to show the severity of a claimant's symptoms and how those impairments effect a claimant's ability to work. *See* 20 C.F.R. § 416.927(f)(1). An ALJ may discount the opinion of an "other source"—like a nurse practitioner—if he provides "reasons germane to each witness for doing so." *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). Under certain circumstances, the opinion of a treating provider who is not an acceptable medical source may be given greater weight than the opinion of a treating provider who is an acceptable medical source, but only if that provider has seen the claimant more often, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole. *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017); 20 C.F.R. § 404.1527(f)(1).

//

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 8

      a.  *Examining Physician Dr. Mary C. Pellicer*

The ALJ gave partial weight to Dr. Pellicer's opinions. AR 643. Dr. Pellicer reviewed Plaintiff's medical records and conducted a physical examination on behalf of the Social Security Administrator on June 12, 2012. Dr. Pellicer diagnosed Plaintiff with chronic right back and arm pain and decreased range of motion secondary to postherpetic neuralgia, rheumatoid arthritis, right anterior shoulder derangement, and depression. AR 267. She also concluded that, because of these limitations, Plaintiff required more frequent breaks. *Id.* Finally, Dr. Pellicer found that Plaintiff can lift or carry less than ten pounds occasionally and that, due to her chronic right arm pain, she can manipulate her right arm only occasionally, up to one-third of the time. *Id.* The ALJ concluded that Dr. Pellicer's opinion "seems to overstate the claimant's limitations" because she had 4/5 strength of the upper right extremity, was able to open a jar, could pick up coins on a flat surface, and could walk up to half a mile. AR 643. However, the ALJ does not note that Dr. Pellicer also opined that Plaintiff could only occasionally manipulate with her right arm due to chronic pain, and that she required frequent breaks from sitting and standing due to her rheumatoid arthritis. AR 267. Despite this opinion, the ALJ found that Plaintiff was limited to frequent reaching at or below shoulder level with partial arm extension and frequent fingering. AR 643.

    The ALJ failed to explain their evaluation that Dr. Pellicer's opinion as an examining physician overstated Plaintiff's limitations. Instead, the ALJ came up with its own conclusion without explaining why its interpretation was right and why Dr. Pellicer's opinion was wrong. *See Garrison*, 759 F.3d at 1012. Furthermore, the ALJ failed to point to evidence that conflicted with Dr. Pellicer's opinion. *See Britton*, 787 F.3d at 1112; *Magallanes*, 881 F.2d at 751. Accordingly, the ALJ erred in evaluating the medical opinion of Dr. Pellicer.

//

//

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 9

    b. *Treating Provider Mara Fusfield, ARNP*

Plaintiff also argues that the ALJ improperly evaluated the medical opinion of her primary care provider, Mara Fusfield, ARNP. ARNP Fusfield has treated Plaintiff since at least 2011, and repeatedly opined that Plaintiff's impairments resulted in significant functional limitations. AR 287-89, 310-11, 404-08, 593-96, 1212-13, 1225-27. Indeed, ARNP Fusfield repeatedly noted that Plaintiff's right arm pain, rheumatoid arthritis, and tremors and myoclonic jerking prevented her from working. The ALJ gave "moderate weight" to these opinions, reasoning that ARNP Fusfield's opinions suggested "she did not seem to believe [Plaintiff] was unable to work, just that it would be inconvenient and or overwhelming since she was busy with school and her children." AR 643.

Because ARNP Fusfield is not a medical doctor and is instead a nurse practitioner, the ALJ need only give a "germane" reason for discounting her medical opinion. *Popa*, 872 F.3d at 906. In support of this conclusion, the ALJ points to a single statement made by ARNP Fusfield in response to a request from the Kittitas County Department of Social and Health Services wherein she stated that Plaintiff could not work because of various upper extremity limitations, longstanding mental health problems, tremors and jerks, and because of her enrollment in school. AR 592-594. Taken in full context of this opinion and ARNP Fusfield's other opinions, Plaintiff's enrollment in school was mentioned because the stress worsened her tremors and myoclonic jerks, but that her upper arm and depression limitations would outlast her enrollment. The ALJ seems to have ignored the majority of ARNP Fusfield's opinions in order to conclude that Plaintiff could work now that her school program is completed. Indeed, the ALJ's conclusion ignores the fact that ARNP Fusfield is Plaintiff's primary care provider, having treated her since at least 2011, has consistently opined that Plaintiff's ability to work is limited because of her impairments, and has given opinions that are consistent with the record as a whole. *See Revels*, 874 F.3d at 655; 20 C.F.R.

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** \* 10

§ 404.1527(f)(1). Accordingly, the ALJ erred by improperly evaluating the medical opinions of ARNP Fusfield.

      c. *Treating Physician Dr. Clint Thompson*

Plaintiff also argues that the ALJ improperly evaluated the medical opinions of Dr. Clint Thompson, who in 2019 indicated that she was limited by postherpetic neuralgia, chronic right upper back and arm pain, arthritis, PTSD, anxiety, and "psuedoseizures." AR 1248. He opined that she was limited to working between eleven and twenty hours per week due to her impairments. *Id.* In particular, he noted Plaintiff experience pain with movement of her upper spine, was unable to sit or stand for long periods of time, and experienced stress-induced pseudoseizures or myoclonic jerks. *Id.* It was Dr. Thompson's opinion that Plaintiff should be limited to sedentary work. *Id.*

The ALJ gave Dr. Thompson's opinion "some weight," reasoning that his examination of Plaintiff was "unremarkable" and that she was not in acute distress, had unlabored breathing, and was not tender. *See* AR 644. The ALJ concluded that the residual functional capacity would enable Plaintiff to work full-time contrary to Dr. Thompson's opinion that she be limited to part-time sedentary work. *See* AR 1248, 1334. The ALJ did not give clear and convincing reasons to discount Dr. Thompson's medical opinions. There does not appear to be any real conflict in the evidence in the record, and the ALJ did not provide a sufficient reason to reach their own contrary opinion. Therefore, the ALJ erred in evaluating the medical opinions of Mr. Thompson.

2. <u>Did the ALJ Err by Improperly Rejecting Plaintiff's Symptom Testimony for Reasons that are not Specific, Clear, and Convincing?</u>

Plaintiff argues that the ALJ improperly rejected her symptom testimony without providing specific, clear, and convincing reasons. The Commissioner argues that the ALJ properly rejected Plaintiff's testimony that her limitations were disabling because she was able to attend school, obtain a bachelor's degree, care

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** \* 11

for her children, and perform household chores. The ALJ noted that Plaintiff did have some physical limitations, but that the limitations were fully compensated by a limitation to sedentary exertion and limitations on posture and manipulation. AR 639-40.

The ALJ is responsible for making credibility determinations. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Once a claimant has produced evidence of an impairment, the ALJ may not discredit testimony regarding symptoms simply by asserting that they are unsupported by objective evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Rather, the ALJ must provide specific, cogent reasons to find that the claimant is not credible. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). Furthermore, an ALJ may not reject a claimant's symptom testimony simply because it is not fully corroborated by objective medical evidence; rather, the ALJ must rely either on reasons unrelated to the subjective testimony—such as a reputation for dishonesty—or conflicts between the plaintiff's testimony and her own conduct, or internal contradictions in her testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court will affirm the ALJ's reasoning so long as it is clear and convincing. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 12

    1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

  SSR 16-3P, 2017 WL 5180304. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair*, 885 F.2d at 603. Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [a claimant's] level of activity were inconsistent with [her] claimed limitations would those activities have any bearing on [her] credibility." *Reddick*, 157 F.3d at 722.

  Having reviewed the ALJ's opinion, the Court finds that the ALJ improperly evaluated Plaintiff's credibility and discounted her subjective testimony about her symptoms without providing specific and clear reasoning or pointing to substantial evidence contradicting Plaintiff's testimony. After detailing a limited recount of Plaintiff's medical history and symptom testimony, the ALJ states that Plaintiff was "mostly overwhelmed rather than disabled," pointing to the fact that she earned a bachelor's degree, raised her children, and actively sought work after graduation. AR 645. However, a review of the record shows Plaintiff's daily

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 13

activity demonstrates her attempts to live a normal life despite her impairments. *Reddick*, 157 F.3d at 722. Plaintiff should not be punished for attempting to "live a normal life" and maintain some amount of normalcy for her children in the face of her limitations. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). Indeed, the ALJ does not clearly and convincingly state why Plaintiff's subjective testimony about her symptoms should be discounted and instead cherry picks from a vast medical record to find instances of "good" days to opine that Plaintiff is not disabled. The ALJ should have considered Plaintiff's testimony about her symptoms as a whole rather than taking single statements out of context as representative of Plaintiff's actual capacities.

Furthermore, although there is evidence in the record that Plaintiff applied to at least twenty jobs after getting her degree, there is also evidence in the record that of all those applications, Plaintiff only had one interview, and she had to turn down that job because she could not perform all of that job's duties as required because of her documented limitations. The fact that Plaintiff did in fact seek gainful employment should not be held against her and should not be grounds for disbelieving her subjective testimony about her symptoms. *See Reddick*, 157 F.3d at 722 (an applicant for Social Security should not be penalized for attempting to lead a normal live in spite of their limitations). Indeed, contrary to the Commissioner's arguments in briefing, Plaintiff was not holding herself out as available for full-time work as that term is defined in the regulations; she was holding herself out as available for work with accommodations for her limitations, and has been unable to find a job willing to do so.

Considered as a whole, the reasons provided by the ALJ for discrediting Plaintiff's testimony about her symptoms and limitations are not substantial. Accordingly, the Court finds that the ALJ improperly evaluated Plaintiff's credibility and improperly gave her testimony limited weight.

//

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** \* 14

# Conclusion

Plaintiff is entitled to summary judgment in her favor because the ALJ erred in giving her testimony inadequate weight and by giving the medical opinions of treating and examining medical providers inadequate weight. Defendant is not entitled to summary judgment.

The Court finally considers whether this case should be remanded for further administrative proceedings or for award of benefits. *Garrison*, 759 F.3d at 1021-22. Court notes that Plaintiff has already appealed a decision to the federal courts, been awarded a reversal and remand for further proceedings, only to end up back before the federal court once more. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we in; tails, let's play again' system of disability benefits adjudication."). There is no need to further develop the record, as the record as it currently stands is nearly 1,500 pages long, and further administrative proceedings would not be helpful. As detailed above, the ALJ failed to provide legally sufficient reasons to reject Plaintiff's testimony and the opinions of her treating and examining medical providers. Finally, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand.

Because Plaintiff satisfies all three parts of the credit-as-true analysis and flexibility does not counsel remand for further proceedings, the case is remanded for award of benefits. Even if some of Plaintiff's symptoms "have occasionally abated for brief periods of time" during periods of treatment and minimized environmental stressors, the Court "like her numerous medical caretakers" see no reason to doubt that she has been incapable of full-time work since September 30, 2011. *Garrison*, 759 F.3d at 1023.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** \* 15

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for reward of benefits.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 24th day of July 2020.



Stanley A. Bastian
United States District Judge

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 16